IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| LORETTA JOHNSON, INDIVIDUALLY AND ON BEHALF OF HER DAUGHTER, DAPHNE JOHNSON, A MINOR | PLAINTIFFS |
| V. | CIVIL ACTION NO. 4:11CV00060-SA-SAA |
| SAGA BROADCASTING, LLC d/b/a WXVT-TV; ANNE MARTIN, INDIVIDUALLY AND IN HER CAPACITY AS ASSISTANT NEWS DIRECTOR AND EMPLOYEE OF WXVT; EARL PHELPS, INDIVIDUALLY AND IN HIS CAPACITY AS NEWS DIRECTOR AND EMPLOYEE OF WXVT; AND JOHN DOE DEFENDANTS 1 THROUGH 10 | DEFENDANTS |

## MEMORANDUM OPINION

Plaintiffs filed a Motion to Remand [9] this case back to the Circuit Court of Washington County. For the reasons set forth below, the Court grants the Motion to Remand.

*Factual and Procedural Background*

Plaintiffs in this case filed a complaint in the Circuit Court of Washington County, Mississippi against Saga Broadcasting ("Saga") and two of its employees, Anne Martin ("Martin") and Earl Phelps ("Phelps"). Plaintiffs alleged that on April 13, 2010, Defendants violated the Mississippi Youth Court Act by compiling and airing a news story containing footage of minor Daphne Johnson being arrested and put into handcuffs. Plaintiffs contend that Martin and Phelps prepared, edited, and/or approved the broadcast. Specifically, Plaintiffs complained of defamation, negligence, gross negligence, negligence *per se*, invasion of privacy, and intentional infliction of emotional harm.

Saga, a foreign corporation, then removed this case claiming that Plaintiffs fraudulently joined Martin and Phelps in order to frustrate complete diversity – Martin and Phelps are domiciled in Mississippi. All three defendants filed responses to the complaint, but neither Martin nor Phelps indicated consent to the removal, written or otherwise. There are now two questions before the court: (1) was the removal of this case procedurally defective, and if not (2) does this Court have the jurisdiction to hear the case?

*Standard for Removal*

I. *Procedure*

For removal to be proper when the state court action is brought against multiple defendants, all served defendants must join in the notice of removal no later than 30 days from the date on which the first defendant is served. Getty Oil Corp v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 (5th Cir. 1988). If a district court finds that there was a procedural error relating to the notice of removal, it has no power to overlook such errors; it must remand the case. Granderson v. Interstate Realty Mgmt. Co., 2006 WL 3422359 (S.D. Miss. November 7, 2006). The burden is on the defendant to prove that the procedural requirements for removal are met. Id.

As Plaintiffs point out, neither Martin nor Phelps joined in the notice of removal or gave their consent to the removal. However, Saga contends that they are not required to do so because they are fraudulently joined parties. Indeed, there is no requirement for consent from fraudulently or improperly joined parties because that would be "nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Finding no procedural defects, this Court must now consider whether it has the jurisdiction to hear this case.

## II. Jurisdiction and Improperly Joined Defendants

Removal is proper when the federal district courts have original jurisdiction over the action. 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, the action is removable only if there is complete diversity, meaning none of the "parties in interest *properly joined* … are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). The burden of proof for establishing federal jurisdiction is placed on the party seeking removal and is to be construed narrowly and in favor of remand to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Further, "the burden of proving that a plaintiff fraudulently joined non-diverse defendants is heavy." Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 648 (S.D. Miss. 2001).

If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (Smallwood II) (citing Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003)). Only the latter method is relevant here because Saga did not allege actual fraud. Thus, the relevant question is whether Saga has shown that there is no reasonable possibility of recovery against the non-diverse defendants in state court. Even so, the Fifth Circuit held that when a defendant shows there is no reasonable basis for predicting that state law would allow recovery against the non-diverse defendant, and that showing "necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." Smallwood II, 385 F.3d at 574. In the case at bar, it means that even if Saga shows that Plaintiffs have no reasonable possibility of recovery against Martin and Phelps, the case should be remanded if Plaintiffs also have no reasonable

basis for recovery against Saga due to all of the defendants possessing common defenses to the claims.

*Analysis and Discussion*

In opposition to the Motion to Remand, Saga argues primarily that the Youth Court Act does not apply to the filming, editing, and airing of a public arrest in front of a public high school, and further that no defamation or invasion of privacy action may be brought outside the Youth Court Act because Defendants made no false statements. While such arguments may be well-founded, Saga failed to show why those arguments should apply specifically to Martin and Phelps, but not to itself. Saga, in a conclusory fashion, simply contends that the claims against Martin and Phelps are "analytically distinct" and directed the Court to Boone v. Citigroup, Inc., 416 F.3d 382 (5th Cir. 2005).

Boone stands for the proposition that the Smallwood II rule is narrow, that it only applies when the same showing necessarily compels the conclusion that recovery against all defendants is precluded. Id. at 390. In Boone, the Fifth Circuit declined to apply the Smallwood II rule for two reasons. First, the plaintiffs conceded that not all of their claims against the diverse defendants were "premised on vicarious liability for the tortious acts of the three non-diverse [defendants]." Id. at 391. The Court concluded, therefore, that not all of the claims against the diverse defendants would necessarily be disposed of with the claims against the non-diverse defendants. Second, while the defenses put forth by both the diverse and non-diverse defendants were very similar, they were still analytically distinct. Id. The plaintiffs argued that because all the defendants were depending on a statute of limitations argument, the case should be remanded according to the Smallwood II rule. Id. However, the court distinguished between the non-diverse and the diverse defendants' statute of limitations argument because some of the diverse

defendants' acts triggered different tolling provisions than the rest. Id. The Court held, under either reasoning, that the case should not be remanded because the Smallwood II rule was too narrow to apply. Id.

The case at bar is distinguishable from Boone. Here, the only question is whether Plaintiffs made any claim against Saga not dependent on a *respondeat superior* theory. Saga contends that because Martin and Phelps had independent duties such as filming and editing, the claims made against them and Saga are analytically distinct. However, that argument lacks luster, especially since Saga admitted in its answer to the complaint that at all times in the complaint Martin and Phelps were acting within the scope of their employment. As Martin and Phelps were admittedly responsible for creating and producing the news report, and their actions are apparently the principal matter in dispute, Plaintiffs had the same right, under the laws of Mississippi, to insist upon their presence as real defendants, as upon that of Saga.

*Conclusion*

Because Saga has not met its heavy burden in showing that Plaintiffs fraudulently or improperly joined Martin and Phelps as defendants, complete diversity is lacking and this Court lacks the proper jurisdiction to hear this case. Plaintiffs' Petition to Remand is GRANTED. A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 27th day of June, 2013

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**